```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

ALI WARIS,                         §
                                   §
    Plaintiff,                     §
                                   §
v.                                 §      Civil Action No. H-06-1331
                                   §
HARRIS COUNTY, TEXAS, et al.,      §
                                   §
    Defendants.                    §

## ORDER

Presently pending before the court is Plaintiff's Motion to Disclose Ties with the Defendants (Docket Entry No. 59). In the motion, Plaintiff states that he has "reasonable grounds to suspect that the Defendants have close political and social relationships with some or all of the named judges[1] that have prejudiced Plaintiff's case against the Defendants."[2] As Plaintiff has alleged that the court has not ruled impartially in this case, the court considers this to be a motion to recuse.

Congress allows a litigant to challenge a judge's impartiality by submitting an affidavit which states facts demonstrating that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Congress

---

[1] In his motion, Plaintiff names Chief U.S. District Judge Hayden Head, U.S. District Judge Gray Miller and the undersigned.

[2] Plaintiff's Motion to Request the Court to Disclose Ties with the Defendants, Docket Entry No. 59, p. 1.

detailed specific circumstances in which recusal is proper, including where the judge has personal knowledge of the facts of the case or has a personal, professional, or financial connection to the parties or to the subject matter of the proceeding.  28 U.S.C. § 455(b).  However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994); see also United States v. Mizell, 88 F.3d 288, 299 (5th Cir. 1996).  In the Liteky case, the United States Supreme Court found all of the grounds asserted for recusal to be inadequate because they consisted of "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses."  Liteky, 510 U.S. at 556.

Similarly, in this case, Plaintiff complains of a series of rulings and routine administrative actions by U. S. District Judge Gray Miller and the undersigned on discovery matters and on the merits of Plaintiff's case.  Plaintiff asserts that the court's pattern of decisions, which he claims are partial to Defendants, demonstrates pervasive bias.

The grounds asserted by Plaintiff for recusal consist of rulings that Judge Miller and the undersigned were required to make.  See Mizell, 88 F.3d at 300 (holding that any opinion formed by the district judge in that case was "a proper and appropriate opinion acquired in the course of judicial proceedings, in reliance

on information learned during the proceeding"). To the extent that Plaintiff here is utilizing a motion to recuse to move the court to reconsider many of its rulings, the court declines the opportunity to justify its decisions beyond the reasons clearly stated in the record. The proper avenue for challenging the court's decisions that Plaintiff believes are legally incorrect is to appeal those decisions to the district judge pursuant to Fed. R. Civ. P. 72 or to appeal pursuant to 29 U.S.C. § 1291. See Liteky, 510 U.S. at 555 (explaining that judicial rulings are generally "proper grounds for appeal, not for recusal").

Plaintiff expresses concern that Judge Miller was a partner at Fulbright and Jaworski prior to his elevation to the bench and that former Harris County Judge Robert Eckels ("Eckels") recently joined Fulbright & Jaworski as a partner. Plaintiff also notes that Judge Miller served on the Harris County Mental Health/Mental Retardation Authority.[3] However, these facts do not raise an inference that Judge Miller is prejudiced in favor of, or against, any party. Additionally, there is no indication that the Harris County Mental Health/Mental Retardation Authority has any connection to the present dispute between the parties.

Plaintiff also speculates that Eckels was instrumental in Judge Miller's nomination to the bench by the White House because Eckels is a high-ranking Republican. Rank speculation is not a

---

[3] Judge Miller served on this board from 1991 through 1999.

proper basis upon which to predicate discovery requests for either personal information or assurances of impartiality from the trial judge.

As Plaintiff has stated in his pleading no facts suggesting that Judge Head, Judge Miller, or the undersigned relied upon knowledge acquired outside the judicial proceedings or displayed "deep-seated and unequivocal antagonism," the court finds that Plaintiff has stated nothing that would cause a reasonable person, knowing all the facts, to question the impartiality of Judges Head and Miller or the undersigned.  See 28 U.S.C. § 455; Liteky, 510 U.S. at 556; Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999). Plaintiff's motion to recuse is **DENIED**.

**SIGNED** this 19th day of June, 2007, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge

4